*The final accounting in* JAMES CHESTERMAN's *Estate.*

THE devise to G. C. of a house and land on the line of an unopened avenue, gave G. C. one-half the avenue, and entitled him to the award given by the Supreme Court for damages in opening the avenue.

T. C. PINCKNEY, *for Objectors.*

E. KETCHUM, *for Executor.*

THE SURROGATE. The question submitted is, whether George Chesterman received the $4,800 awarded for the west half of the Second avenue, upon the opening of the same, as executor, or as devisee, under the will of James Chesterman, deceased.

The testator, at the time of his death in January, 1854, was the owner of the land from which the fund originated. The language of the will is: "I give and devise to my son, George Chesterman, the house and land now occu-

pied by me, on the west side of the Second avenue, between 124th and 125th streets, extending to land of T. T. Jacobs, and land of David Austen; and also that other piece of land with the buildings thereon, on the west side of the Second avenue, between 123d and 124th streets, and extending in the rear to the land of Jacobs; and also that other piece of land between the above mentioned pieces of land, which is laid out as 124th street," &c. The devise is in fee.

The commissioners for opening the Second avenue from 123d street to the Harlem river, awarded to George Chesterman the damages for taking the land for the Second avenue, west of the middle line; the report was confirmed November 24, 1858, and the award paid.

The objectors claim that this award belongs to the several devisees. It appears that the plan of the proposed opening of the avenue was laid down on a public map as early as 1809; that repeated petitions were presented for the proposed opening, and it was opposed by the testator and his son, the present executor; that monuments were set, and the line of the proposed opening was well known to the testator; that the homestead devised to George Chesterman was built about 1820, and is situated, as described in the will, " on the west side of the Second avenue."

The objectors insist that if the testator had intended to devise any part of the proposed Second avenue to George Chesterman, he would have made a distinct reference to it in his will, as he has done with respect to the land taken for 124th street.

I think this would be but a forced conclusion. The law is very plain and clear. The devise of the homestead, on the west side of the avenue, gave by implication one-half of the avenue. (*Hammond* v. *McLachlan*, 1 Sand. Supr. Ct. R., 323; *Bissell* v. *The N. Y. Central R. R. Co.*, 23 N. Y., 61; *Herring* v. *Fisher*, 1 Sand., 344.)

But were there any doubt upon this subject, I should

.feel a hesitancy in charging George Chesterman with this fund as executor, in the face of the law, which provides for the ascertainment of the right to the award, by the Supreme Court in the first instance, and afterwards in any Court of competent jurisdiction, competent to try issues according to the course of the Common Law, on the claim of any party alleging rights. It is clear to me that after the confirmation of this report by the Supreme Court, awarding the fund to Chesterman individually, I should not entertain an appeal from its decision, by charging him as an executor. By the act (2 *R. L. of* 1813, *p.* 420, § 186), the remedy of the true owner, if the awarded party be not such, is by action for money received for his use. Objection overruled.